# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

ROCHELLE COLEMAN,

                              Plaintiff,

                                                      5:16-CV-734
v.                                             (NAM/ATB)

ANDREA LEVANDOWSKI, et al.,

                              Defendants.

ROCHELLE COLEMAN, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent to the court four civil rights complaints filed in one action at the request of the pro se plaintiff. (Dkt. Nos. 1 – 1-3). Each of the separate complaints is purportedly brought pursuant to a different civil rights statute: 42 U.S.C. § 1983 (Dkt. No. 1); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5 (Dkt. No. 1-1); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Dkt. No. 1-2); and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*") (Dkt. No. 1-3). Plaintiff has also filed a motion to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. (Dkt. Nos. 2, 3). For the following reasons, this court will grant plaintiff's IFP application, but will recommend dismissal of the entire action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

I.   **In Forma Pauperis ("IFP") Application**

A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. The court finds for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Facts

In each of the four complaints that comprise this action, plaintiff is suing three social workers from Onondaga County. Plaintiff claims that these three social workers were instrumental in plaintiff losing custody of her children after an Onondaga County Family Court proceeding.[1] Each complaint recites facts regarding the same incident in slightly different ways and in differing amount of detail.

### A. 42 U.S.C. § 1983 Complaint

Plaintiff claims that the three social worker defendants "committed perjury and made inflammatory and untrue statements" about plaintiff after plaintiff complained that defendant Levandowski took plaintiff's Christmas turkey rather than cooking it for plaintiff and her family after plaintiff's brain surgery. (Dkt. No. 1) (Section 1983 Complaint). Plaintiff also claims that defendant Levandowski tried to "keep" the car seat that was supposed to be given to plaintiff. Plaintiff claims that defendant

---

[1] Plaintiff has sued the Onondaga Family Court Judge in a separate action, which this court will address in another Order and Report Recommendation. *See Coleman v. Hanuszczak*, No. 5:16-CV-735 (DNH/ATB).

3

Levandowski "retaliated" against plaintiff for her complaints by stating that plaintiff assaulted her and was neglecting her children. Defendant Mages and defendant Mooney are also alleged to have committed perjury by stating that plaintiff children were missing school and being neglected. (Dkt. No. 1 at ¶ 4).

Plaintiff states that "they" took her children "with perjury and retaliating [sic]" and threatened her. (Dkt. No. 1 ¶ 5) (First Cause of Action). Plaintiff claims that the defendants violated her family's "HIPPA[sic]"[2] rights with false allegations and took her children with no cause. (*Id.*) (Second Cause of Action). Plaintiff states that the three defendants "conspired" and discriminated against plaintiff because of her disability, race, education, and income. Plaintiff alleges that she was called into court "not served," and her due process rights were violated in addition to her First, Fourth, Fifth, Sixth, and Thirteenth Amendment rights. (*Id.*) (Third Cause of Action). Plaintiff asks that the defendants be prosecuted for violating the law, that they be "removed" from their field of work, and that plaintiff be awarded three million dollars "restitution." (*Id.* ¶ 6).

B. **Title VII Complaint**

In what plaintiff has labeled a Title VII complaint, she alleges that defendant Mages has never been to plaintiff's home, but "went under oath" stating that plaintiff's children were neglected. (Dkt. No. 1-1) (Title VII Complaint). Defendant Mooney is also alleged to have gone "under oath" falsely stating that plaintiff threatened school

---

[2] Plaintiff is referring to "HIPAA," the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320 et seq.

staff, yelled at school staff, and that defendant Mooney was afraid of plaintiff. (Dkt. No. 1-1 ¶ 8). Plaintiff claims that defendant Mooney testified that plaintiff was harming her child "educationally." (*Id.*) Plaintiff repeated the claim that defendant Levandowski committed perjury "in court" by stating that plaintiff assaulted her, and "retaliated" against plaintiff because of plaintiff's complaints against her. Plaintiff also mentions her HIPAA rights. (*Id.*)

The form Title VII complaint has "check-box" paragraphs wherein the plaintiff must indicate how defendant discriminated against her. (*Id.* ¶ 6). Plaintiff has checked "My race or color," "My national origin," and next to "Other," she has written "retaliation, disability." (*Id.* ¶¶ 6(A), (D), (F), 7(F), (G)). The Title VII complaint also contains three "Causes of Action." (*Id.* ¶ 9). In her first cause of action, plaintiff states that the defendants have violated her civil rights by using "the court of law" to "do evil and corruption." Plaintiff claims that her children were taken with no paperwork given. Plaintiff was not "served," but was threatened from ten o'clock in the morning until three forty-five in the afternoon, after which "they took [her] babies." (First Cause of Action).

Plaintiff then states that she was never given a "reasonable accommodation" after her brain surgery and during her recovery time. Plaintiff alleges that "[t]his was not court this was criminal today 6/21/16 at court when they took my kids with no cause." (*Id.*) (Second Cause of Action). Plaintiff finally states that defendants are supposed to be "for the family," but instead they conspired "with lies and no evidence" to take her children. (*Id.*) (Third Cause of Action). Plaintiff repeats the same prayer for relief –

5

firing and prosecution of the defendants in addition to three million dollars in "restitution"). (*Id.* ¶ 15).

    **C.    ADA Complaint**

Plaintiff lists various impairments that she suffers under the section of the form-complaint which asks the plaintiff to state her disability. (Dkt. No. 1-2 ¶ 4). In her recitation of the facts, she repeats the facts outlined above against the defendants. Plaintiff makes it clear that she is alleging that the defendants gave false testimony during the custody proceeding in violation of plaintiff's constitutional rights. (Dkt. No. 1-2 ¶ 6). Once again, in addition to the three million dollars, plaintiff asks that the defendants "go to jail for their misconduct, that plaintiff's children be returned to her, and that the defendants never are allowed to "do this line of work or anything like it." (Dkt. No. 1-2 ¶ 7).

    **D.    *Bivens* Complaint**

In her form-*Bivens* complaint, plaintiff repeats her claims against the three defendants, alleging that plaintiff's children were unlawfully taken due to the defendants' actions. (Dkt. No. 1-3 ¶¶ 4-5). Plaintiff emphasized that there was insufficient proof at trial, that defendants, inter alia, "broke the law," engaged in cruel and unusual acts, harassed plaintiff, mentally and emotionally abused her children, and behaved as criminals. (*Id.* ¶ 5) (summary of causes of action). Plaintiff claims that her family's privacy, dignity, "people, love, and church [sic]" have been violated because of defendants' perjury and false accusations. (*Id.*) Plaintiff repeats the same prayer for relief as stated above. (*Id.* ¶ 6).

Based on the facts outlined above, this court will turn to a discussion of whether plaintiff has any basis for stating a claim.

## III. Bases for Plaintiff's Allegations

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331. In this case, plaintiff has brought "federal question" claims, and the court will discuss whether plaintiff states a claim under any of the statues that she cites or under *Bivens*.

### A. Title VII

#### 1. Legal Standards

Under Title VII, it is unlawful for an employer to discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment, because of the individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1). In order to state a claim under Title VII, plaintiff must show that she was a member of a protected class, she was qualified for the position, she suffered an adverse employment action, and the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001). In addition, individuals are not subject to liability under Title VII; thus, to the extent that plaintiff raises Title VII claims (including any retaliation claims), they may not be brought against the individual defendants. *Sassaman v. Gamache*, 566 F.3d 307, 315-16 (2d Cir. 2009) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)).

7

## 2. Application

Plaintiff does not allege employment discrimination in this action. She claims that the defendants lied under oath in a family court proceeding which resulted in the family court judge removing the children from her custody. Although plaintiff has attempted to use a Title VII form to bring her claims before this court, she is clearly not alleging employment discrimination, and her attempt to use Title VII does not state a claim for the relief she is seeking. Thus, any Title VII claims may be dismissed against all three defendants.[3]

## B. ADA

### 1. Legal Standards

The ADA provides for protection against discrimination based upon disability. 42 U.S.C. § 12101 *et seq*. Title I of the ADA governs employment actions; Title II covers public services and programs; and Title III governs public accommodations. *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). The only section of the ADA that could conceivably apply to plaintiff's claims is Title II. 42 U.S.C. § 12182. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Id*.

---

[3] Defendants are all individuals, and as stated above Title VII does not apply to individual defendants.

8

### 2. Application

Although plaintiff lists a series of impairments that she suffers under the section of the form-complaint that asks for plaintiff to state her "disability," she does not allege how she was discriminated against "by reason of such disability." Plaintiff's medical impairments are not related to the defendants' alleged actions. Although plaintiff states that she was not given an "accommodation" based on her brain surgery, she does not state what accommodation she requested. This case is essentially about plaintiff's claim that the defendants testified falsely during a court proceeding that resulted in the loss of custody of plaintiff's children.

To the extent that plaintiff alleges in various places in her complaints that the defendants violated plaintiff's rights under HIPAA, the court notes first that HIPAA requires *health care providers* to keep patient medical records confidential. *Rosado v. Herard*, No. 12 Civ. 8943, 2013 WL 6170631, at *3 (S.D.N.Y. Nov. 25, 2013) (Report-Rec.) (citing 42 U.S.C. § 1320 *et seq*.) However, courts have concluded "overwhelmingly" that a patient does not have a private right of action under HIPAA. *Id.* (citing *Mascetti v. Zozulin*, No. 3:09-CV-963, 2010 WL 1644572, at *4 (D. Conn. April 20, 2010); *Cassidy v. Nicolo*, No. 03 Civ. 6603, 2005 WL 3334523, at *5 (W.D.N.Y. Dec. 7, 2005) (collecting cases). *See also Rzayeva v. United States*, 492 F. Supp. 2d 60, 83 (D. Conn. 2007) (enforcement of HIPAA is reserved exclusively to the Secretary of Health and Human Services). Thus, even if HIPAA applied in this

plaintiff's case,[4] plaintiff would have no right of action against the defendants for its violation.

The court understands that plaintiff is pro se and appears to be attempting to find some basis for bringing her allegations before the court. However, even though plaintiff cites statutes such as the ADA, she focuses her "Facts" on her constitutional rights. (Dkt. No. 1-2 ¶ 6). Plaintiff's ADA claims may be dismissed for failure to state a claim under the statute. The court will discuss plaintiff's constitutional claims below.

### C. *Bivens*

#### 1. **Legal Standards**

*Bivens* established a cause of action for monetary damages resulting from the violation of a constitutional right by federal agents or employees, acting under color of *federal* law. *Arar v. Ashcroft*, 585 F.3d 559, 571-72 (2d Cir. 2009) (discussing history of *Bivens* actions).

#### 2. **Application**

The three defendants in this action are social workers. There is no indication that the social workers are employed by the federal government or are acting under federal law. Thus, *Bivens* does not apply to the conduct alleged by plaintiff, and and claims asserted under *Bivens* must be dismissed.

---

[4] This court does not make any such finding. The defendants are social workers, not health care providers, and plaintiff does not allege how these defendants failed to keep plaintiff's medical records confidential.

### D. 42 U.S.C. § 1983

#### 1. Legal Standards

Section 1983 provides a cause of action for individuals who have had their constitutional or federal rights violated by a defendant acting under color of state law. 42 U.S.C. § 1983. Section 1983 is based upon an underlying violation of a constitutional right and does not provide a right of action in itself. *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 2010) ("Section 1983 is only a grant of a right of action; the substantive right giving rise to the action must come from another source.") "'[T]he first step in a section 1983 claim is to identify the specific constitutional right allegedly infringed.'" *Valez v. City of New York*, No. 08 Civ. 3875, 2010 WL 1460703 at *2 (S.D.N.Y. Apr. 12, 2010) (quoting *Pabon v. Wright*, 459 F.3d 241, 252-53 (2d Cir. 2006) (citation omitted)).

#### 2. Application

It is unclear from the complaints whether the defendants all work for Onondaga County. The addresses of defendants Levandowski and Mages appear to be the same address as Child Protective Services; however, defendant Mooney's address is different. If the defendants are employed by Onondaga County, they act under color of state law. Plaintiff states that by testifying falsely at the family court trial, the defendants violated plaintiff's Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights. (Dkt. No. 1 ¶ 5 – Third Cause of Action).

The Thirteenth Amendment deals with abolition of slavery. U.S. CONST. amend. XIII. This amendment has absolutely no relationship or application to plaintiff's

11

allegations. Thus, any claim under the Thirteenth Amendment may be dismissed. Without making any determination of whether the plaintiff's other cited constitutional amendments apply, the court notes that trial witnesses are entitled to absolute immunity "with respect to *any* claim based on the witness' testimony." *Rehberg v. Paulk*, __ U.S. __, 132 S. Ct. 1497, 1505 (2012) (citing *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983)) (emphasis in original). Thus, to the extent that plaintiff sues the defendants based on their allegedly false testimony, they are entitled to absolute immunity.[5]

In any event, even if a claim for damages could proceed against the three social worker defendants, consideration of any constitutional issues would be barred by the *Rooker Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This doctrine divests the federal court of jurisdiction to consider actions that seek to overturn state court judgments. *Fernandez v. Turetsky*, No. 12-CV-4092, 2014 WL 5823116, at *3 (E.D.N.Y. Nov. 7, 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine also bars the federal court from considering claims that are "inextricably intertwined" with a prior state court determination. *Id.* (quoting *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 185 (2d Cir. 1999)). *Rooker Feldman* does not bar claims that do not "'invite district court review and rejection' of a state court judgment." *McKnight v. Middleton*, 699 F. Supp. 2d 507, 515 (E.D.N.Y. 2010) (quoting

---

[5] It has also been held that court-appointed social workers and evaluators in child custody proceedings enjoy judicial immunity from federal civil rights liability because they are "non-judicial" individuals who fulfill "'a quasi-judicial role at the court's request.'" *McKnight v. Middleton*, 699 F. Supp. 2d 507, 527 (E.D.N.Y. 2010).

*Hoblock v. Albany County Bd. of Elec.*, 422 F.3d 77, 85 (2d Cir. 2005)). *See also Green v. Mattingly*, 585 F.3d 97, 102 (2d Cir. 2009) (*Rooker Feldman* did not apply because plaintiff did not "lose" in state court and did not invite district court review and rejection of a state court judgment).

In this case, plaintiff seeks to overturn the family court judge's determination to take plaintiff's children away from her after a court proceeding. If the court were to consider plaintiff's claims that the defendants' testimony at the trial was false, it would definitely affect the outcome of the trial.[6] Plaintiff's request definitely invites review of the family court judgment. Thus, to the extent plaintiff brings this action under section 1983, it must be dismissed.

## IV. Appointment of Counsel

### A. Legal Standards

There is no bright-line test for determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). A number of factors must be carefully considered by the court in ruling upon the motion. The court must first assess whether the indigent's claims seem likely to be of substance. If so, the court then considers:

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special

---

[6] In the lawsuit that plaintiff filed on the same day as this action against the family court judge, based upon the same ruling, plaintiff specifically states: "I want my kids back [and] his ruling reversed." *Coleman v. Hanuszczak*, No. 5:16-CV-735 (NAM/ATB) (Dkt. No. 1-3 at ¶ 5) (First Cause of Action).

13

> reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Each case must be decided on its own facts, and the court may consider any or all of the above factors in its determination. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

### B. Application

Based upon a thorough review of the complaint, this court finds that plaintiff's complaint does not have substance, and thus, does not meet the first requirement for appointment of counsel. Therefore, plaintiff's request for counsel is denied.

## V. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

In this case, of the four complaints, the only possible basis for plaintiff's actions according to the stated facts is section 1983. However, plaintiff has sued individuals

who would be entitled to absolute immunity for the conduct alleged by plaintiff. Any amendment would be futile. In addition, to the extent that plaintiff seeks to overturn the state court judgment, such claims would be barred by *Rooker Feldman*, and any attempt to amend plaintiff's complaint that would involve challenging the judgment would be barred. Thus, this court would recommend that plaintiff's complaints be dismissed with prejudice and without the opportunity to amend against these defendants.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED** for purposes of filing only, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 28, 2016

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge