UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**ROCHELLE COLEMAN,**

                                     **Plaintiff,**

                                 **-v-**                               **5:16-CV-734 (NAM/ATB)**

**ANDREA LEVANDOWSKI, Social Worker, TERI
MAGES, Social Worker, KRISTINE MOONEY,
Social Worker,**

                                     **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Rochelle Coleman
231 Lilac Street
Syracuse, NY 13208
Plaintiff, *pro se*

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

On June 22, 2016, plaintiff filed four separate civil rights complaints in one action. (Dkt. No. 1). Each is brought pursuant to a different civil rights statute. Plaintiff has also filed a motion to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. (Dkt. Nos. 2, 3). On June 28, 2016, United States Magistrate Judge Andrew T. Baxter issued a thorough Order and Report-Recommendation (Dkt. No. 5) granting plaintiff's IFP application, denying plaintiff's motion for appointment of counsel, and recommending dismissal with prejudice of the entire action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff has filed an objection. (Dkt. No. 6).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of the Report-Recommendation to which plaintiff specifically objects. Where, however, an objecting

party makes only conclusory or general objections, or simply reiterates the original arguments, the Court reviews for clear error. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When no objections are made, the Court conducts clear error review. *See Kaboggozamusoke v. Rye Town Hilton Hotel,* 370 F. App'x 246, 248, n.1 (2d Cir. 2010).

Magistrate Judge Baxter thoroughly discussed plaintiff's allegations that the social worker defendants "committed perjury and made inflammatory and untrue statements" about plaintiff, leading to the loss of custody of her children after an Onondaga County Family Court proceeding.[1] Judge Baxter concluded that plaintiff's allegations did not state a claim under Title VII, the ADA, or *Bivens*; that trial witnesses are entitled to absolute immunity with respect to claims based on their testimony; and that in any event, consideration of any constitutional issues would be barred by the *Rooker Feldman* doctrine. (*See generally* Dkt. No. 5). Rather than address any of these conclusions in her objection, plaintiff simply re-states her belief that the social workers have committed perjury and explains that she asked for monetary damages because her "family was hurt by these peoples action[s]." (Dkt. No. 6). :

After thorough review of the record and applicable law, the Court agrees with Magistrate Judge Baxter's analysis. Plaintiff's allegations cannot state a claim against these defendants in this Court.

It is therefore

ORDERED that the Order and Report-Recommendation (Dkt. No. 5) of United States Magistrate Judge Andrew T. Baxter is accepted and adopted; and it is further

ORDERED that this action be DISMISSED IN ITS ENTIRETY WITH PREJUDICE

---

[1] The Onondaga Family Court Judge has been sued in a separate action, which this Court will address in another Memorandum-Decision and Order. *See Coleman v. Hanuszczak*, No. 5:16-CV-735.

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii); and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   August 22, 2016

Norman A. Mordue
Senior U.S. District Judge